UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEW LIFE OUTREACH MINISTRY
INC., and JOHN DOES ONE (10
THROUGH SIX (6),

        Plaintiff,

vs.                                              Case No. 8:06-CV-1547-T-27MAP

POLK COUNTY, a political subdivision
of the State of Florida,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by Magistrate Judge Mark A. Pizzo recommending that Polk County's Motion to Dismiss (Dkt. 27) be denied. (Dkt. 37). The County has filed objections to the Report and Recommendation (Dkt. 40) and Plaintiffs have filed a response (Dkt. 58).[1] Upon consideration, the County's objections are overruled.

Plaintiff New Life Outreach Ministry, Inc. ("New Life") is a non-profit Florida corporation that seeks to provide shelter, treatment, and training to the homeless and certifiably disabled, which includes individuals recovering from drug or alcohol addiction in Polk County. On April 28, 2006, the County made an administrative determination that New Life's use of the property located at 4606 - 4620 South Pipkin Road was a legally non-conforming use and would be permitted to continue as such in accordance with the Polk County Land Development Code (the "Zoning Code"). A local

---

[1] Plaintiffs failed to use the correct CMECF event code when they originally filed their response to Defendant's objections. (Dkts. 56, 57). Plaintiffs corrected their error, therefore, the response is deemed timely filed. (Dkt. 58).

resident brought a de novo appeal of the administrative determination. On June 21 and July 26, 2006, public hearings were held on the de novo appeal before the Board of County Commissioners.

On August 23, 2006, the Board issued an order reversing the County's prior administrative determination. The Board concluded that New Life's proposed use of the property is not a continuation of the prior owner's legal non-conforming use and therefore does not fall within the Zoning Code's grandfathering provision. In response, New Life filed this action alleging the County violated the Fair Housing Act ("FHA") by discriminating against it and by failing to make a reasonable accommodation.

The County seeks dismissal of Plaintiffs' action, arguing this Court lacks subject matter jurisdiction because the issue is not ripe for adjudication.[2] Specifically, the County contends that the matter is not ripe because New Life failed to seek a conditional use permit, or variance, after the County determined that its proposed use was not a legally non-conforming use. The magistrate judge concluded that it would be futile for New Life to apply for a variance because the public comments made by the commissioners at the July 26, 2006 hearing expressing their disapproval of New Life's operation at the Pipkin Road location made it highly unlikely that the County would change its position on whether New Life should be permitted to operate the living facility at its current location. The County objects to the magistrate judge's conclusion, arguing the magistrate judge improperly considered the commissioners' comments or, alternatively, that the commissioners' comments do not sufficiently establish that it would be futile for New Life to apply for a variance. In turn, the County contends, the magistrate judge incorrectly concluded that New Life's claims are ripe for adjudication.

---

[2] The County moves to dismiss Plaintiffs' action, arguing dismissal is appropriate under Fed. R. Civ. P. 12(b)(1). The County raises a factual jurisdictional challenge under Rule 12(b)(1), therefore, this Court may consider matters outside the complaint. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

## Standard of Review

A judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). A judge shall make a de novo determination of those portions of the report to which objection is made. *Id.*

## Discussion

"It is the plaintiff's burden, as the party seeking relief under the power of the court, to establish the court's jurisdiction." *Beekwilder v. United States*, 55 Fed.Cl 54, 60 (Fed. Cl. 2002). If a claim is not ripe for review, the court lacks subject matter jurisdiction to adjudicate the dispute. *Id.* Under the ripeness doctrine, a plaintiff must demonstrate that the decision maker "charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 191 (1985). An "exception to the final decision requirement exists where it would be futile for the plaintiff to pursue a final decision."[3] *Strickland v. Alderman*, 74 F.3d 260, 265 (11th Cir. 1996). "Decisions on ripeness are fact sensitive." *Strickland*, 74 F.3d at 265.

The magistrate judge concluded it would be futile for New Life to apply for a variance in light of the commissioners' comments at the July 26, 2006 hearing expressing their disapproval of New Life's operation at the Pipkin Road location. Contrary to the County's contention, it was not improper for the magistrate judge to consider the commissioners' comments. While the Planning

---

[3] The Eleventh Circuit has not decided whether the "final decision" rule announced in *Williamson County* applies to FHA or FHAA claims. *See Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1541 n. 16 (11th Cir. 1994) (expressly not deciding the ripeness doctrine's application in FHA claim). The circuit courts that have addressed the issue are split. *See e.g. Oxford House-C v. City of St. Louis*, 77 F.3d 249 (8th Cir. 1995); *Bryant Woods Inn, Inc. v. Howard County, Md.*, 124 F.3d 597, 602 (4th Cir. 1997). The magistrate judge concluded it was unnecessary to determine whether the "final decision" rule should apply in this case because it would be futile for New Life to apply for a variance. For the reasons discussed *infra*, this Court agrees.

Commission is initially responsible for approving variance applications, the ultimate approval rests with the Board of County Commissioners.[4] (Dkt. 27, Ex. 8). Given the contested nature of New Life's operation at the Pipkin Road location, even if the Planning Commission approved New Life's request for a variance, the Planning Commission's approval would most likely be appealed to the Board.[5] Therefore, the magistrate judge correctly concluded that the "fate of any variance *ultimately* rests with the same commissioners who reversed the administrative determination approving New Life's anticipated use." (Dkt. 37, p. 6) (emphasis added). While Commissioner Senft ultimately left the Board, his comments shed light on the County's position on the issue during the relevant time period. Nonetheless, even excluding Senft's comments from the analysis, the record demonstrates that any attempt by New Life to apply for a variance would be an exercise in futility.

During the hearing held by the Board on July 26, 2006, the commissioners voted three to one to overrule the previous administrative determination that New Life's use of the relevant property was a legally non-conforming use. While Commissioner English ultimately voted in favor of New Life, he did so because he felt badly that New Life had relied on the previous administrative decision to its detriment. (Dkt. 32-3, pp. 9-11). Significantly, three of the four commissioners, including English, voiced strong concerns about New Life operating its facility at the Pipkin Road location, an issue relevant to whether New Life should be granted a variance.

---

[4] In accordance with the Zoning Code, an application for a variance includes a Level 3 review, which requires, recommendation from the Development Review Committee and a public hearing before the Planning Commission. At the public hearing, the Planning Commission may approve, approve with conditions, or deny an application for Level 3 Review. . . . Appeals of the Planning Commission's decision may be heard before the Board of County Commissioners through the De Novo Hearing process outlined in Section 921D.

(Dkt. 27, Ex. 8).

[5] The de novo appeal of the administrative decision approving New Life's anticipated use was initiated by Darla Dooley, a concerned local resident. (Dkt. 32-3, p. 3).

Commissioner English recognized the concerns of the homeowners who objected to New Life's operation: "They have the need to be concerned . . . [b]ecause the people who are going to be housed in the new rehab home have a history of drug addiction and maybe some of them may even have a criminal history." (Dkt. 32-3, p. 9). He further stated that "[i]f New Life came to me today, or our board today, and were applying for a new conditional use or they were applying for a land use change, I would deny them that change of that use . . . [b]ecause I believe that the home is not appropriate for the location it's presently being designed for." (Dkt. 32-3, p. 10). Commissioner Wilkinson agreed: "I don't think this is the best location [for New Life's operation]."[6] (Dkt. 32-3, p. 13).

While the issue of whether a variance should be granted was not specifically considered, the commissioners' comments demonstrate that the County felt strongly that New Life should not be operating its facility at the Pipkin Road location. The record, including the transcript from a full and lengthy public hearing therefore sufficiently establishes that the County's decision was of a final nature and that any further attempt to obtain the County's approval for use of the property as a congregate living facility would constitute an exercise in futility. *Compare Strickland*, 74 F.3d at 265 (insufficient facts to support a finding of futility where "the city had no opportunity to render a final decision with respect to [plaintiff's] permit requests" because plaintiff never filled out an application for a building permit; rather, plaintiff merely called the city hall on two occasions requesting building permits); *see also Schwarz v. City of Treasure Island*, 2006 WL 2521399, *7 (M.D. Fla. 2006) (holding plaintiffs' FHA claim ripe where record indicated plaintiffs were unlikely to receive local zoning approval).

---

[6] Commissioner Senft said he would support New Life's organization "in another location." (Dkt. 32-3, p. 6).

Therefore, after careful consideration of the Report and Recommendation, Defendant's objections, and Plaintiffs' response, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is

**ORDERED AND ADJUDGED**:

1) The Report and Recommendation (Dkt. 37) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2) Defendant's Motion to Dismiss for Lack of Federal Jurisdiction (Dkt. 27) is **DENIED**.

3) Defendant is directed to answer Plaintiffs' amended complaint within ten days from the date of this Order.

**DONE AND ORDERED** in Tampa, Florida, on this 14th day of August, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record